UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ANDREW BRADLEY LAURA,　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　Plaintiff,　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　v.　　　　　　　　　　　　）　　No. 2:25-cv-00421-JRO-MJD
　　　　　　　　　　　　　　　　　）
INDIANA DEPT OF CORRECTIONS, et al., ）
　　　　　　　　　　　　　　　　　）
　　　　　　Defendants.　　　　　　）

## ORDER ON MOTION TO RECONSIDER INITIAL PARTIAL FILING FEE AND SCREENING COMPLAINT

Plaintiff Andrew Bradley Laura is a prisoner currently incarcerated at Putnamville Correctional Facility. He filed this civil action alleging he received insufficient medical care with respect to his hand injury. Because the Plaintiff is a "prisoner," this Court must screen the Complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c).

## I.

## FILING FEE

Plaintiff's motion to reconsider the assessment of an initial partial filing fee, dkt. 12, is **GRANTED**. The Court will separately issue a collection order to facilitate payment of the filing fee.

## II.

## SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III.

## THE COMPLAINT

Plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The number of defendants that Plaintiff seeks to name is difficult to discern, but it appears that he names 7 defendants: (1) Indiana Department of Correction ("IDOC"); (2) IDOC Commissioner Lloyd Arnold; (3) Centurion Health of Indiana, LLC ("Centurion"); (4) Dr. Talbot; (5) Dr. Perez; (6) Jane Doe, X-ray technician; and (7) Dr. John Doe, Reception Diagnostic Center ("RDC") intake.

Plaintiff entered IDOC custody and was housed at RDC. Dkt. 2 at 2. On December 2, 2024, Plaintiff went through a screening process with Dr. John Doe and told him he may have a broken hand. *Id.* Dr. John Doe prescribed pain

2

medication and ordered an X-ray.  *Id.*  Jane Doe gave Plaintiff an X-ray of his hand, and when Plaintiff asked if it was broken, Jane Doe replied she was not able to give him that information.  *Id.*  Plaintiff remained at RDC until December 18, 2024,[1] without any follow-up, until he was transferred to Heritage Trail Correctional Facility.  *Id.* at 2–3.

Plaintiff went through intake screening at Heritage Trail and told the nurse he had a possible broken hand.  *Id.* at 3.  On January 24, 2025, Dr. Talbot informed him that he had a major fracture in his hand and needed to see an orthopedic hand doctor.  *Id.*  Plaintiff saw an orthopedic hand doctor in a Terre Haute hospital, who told him that his hand healed improperly because of the delay in treatment.  *Id.*  The doctor had to rebreak Plaintiff's hand to insert 4 pins and advised Plaintiff that full use of his hand may not return.  He received surgery in August 2025.  *Id.*

### IV.

### SCREENING THE COMPLAINT

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Plaintiff asserts: (1) Dr. John Doe is guilty of medical malpractice; (2) Centurion and IDOC are responsible for negligence and medical malpractice; and (3) all Defendants violated his rights under the Eighth Amendment.  Dkt. 2 at 3.  The Court construes Plaintiff's Eighth Amendment theory as a claim for

---

[1] The Complaint twice identifies this date as December 18, 2025.  Dkt. 2 at 2–3.  But given the rest of the dates in the Complaint and the fact that RDC functions as a temporary intake facility within IDOC, the Court believes this to be a scrivener's error.

damages under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs.

Applying the screening standard to the facts alleged in the Complaint, the only claim that may proceed as submitted is an Eighth Amendment deliberate indifference claim against Dr. John Doe.  All other claims are **DISMISSED**.

**A.      Dismissed Claims**

First, all claims against IDOC must be **dismissed for lack of subject-matter jurisdiction.**  "'The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment.'"  *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019) (quoting *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005)).  "This immunity extends to state agencies and state officials in their official capacities."  *Id.*  The IDOC is a state agency, and Plaintiff does not assert a cause of action where Congress has abrogated the states' sovereign immunity.  *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("Congress did not abrogate the states' sovereign immunity from suit under section 1983, as it could have done.").  Thus, all claims against IDOC are properly dismissed as barred by the Eleventh Amendment.

Second, to the extent Plaintiff is bringing state-law medical malpractice and negligence claims against Centurion, Dr. John Doe, or any other Defendant, those claims are **dismissed for failure to state a claim upon which relief can be granted.**  Plaintiff's Complaint does not indicate that he complied with the

Indiana Medical Malpractice Act's (MMA) requirement that he first submit his claim to a medical review panel before pursuing the claim in court. *See* Ind. Code § 34-18-8-4; *Metz v. Saint Joseph Reg'l Med. Ctr.–Plymouth Campus, Inc.*, 115 N.E.3d 489, 494 (Ind. Ct. App. 2018) ("[T]he MMA requires the presentation of the proposed complaint to a medical review panel before an action may be commenced in a court in Indiana."); *Thompson v. Cope*, 900 F.3d 414, 425 (7th Cir. 2018) ("The medical review panel requirement is a substantive feature of the [MMA] that must be enforced in federal court."). Moreover, as Plaintiff's negligence claim is based on the same underlying facts as his medical malpractice claim, it is also subject to the MMA and its medical review panel requirement. *See Ind. Dep't of Ins. v. Doe*, 247 N.E.3d 1204, 1212 (Ind. 2024) (noting legislature's intent that "all actions" based on "alleged medical malpractice" be "subject to the [MMA]" (quoting *Sue Yee Lee v. Lafayette Home Hosp., Inc.*, 410 N.E.2d 1319, 1324 (Ind. Ct. App. 1980))). Accordingly, Plaintiff's medical malpractice and negligence claims must be dismissed.

Third, Plaintiff's Eighth Amendment deliberate indifference claim against Centurion is **dismissed for failure to state a claim upon which relief can be granted.** Although a private entity, Centurion acts under color of state law because it has contracted with the IDOC to provide medical care to prisoners and therefore may be liable for damages under 42 U.S.C. § 1983 only under the theory announced in *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978). *See Walker v. Wexford Health Sources*, 940 F.3d 954, 966 (7th Cir. 2019). "Prevailing on such a claim requires evidence that a [Centurion] policy, practice,

5

or custom caused" the constitutional violation alleged. *Id.* But Plaintiff's complaint includes no factual allegations plausibly suggesting that his injuries were caused by a Centurion policy, practice, or custom.

Fourth, any Eighth Amendment claims against Commissioner Arnold and Dr. Perez are **dismissed for failure to state a claim upon which relief can be granted.** "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022). Plaintiff's Complaint contains no allegations against Commissioner Arnold or Dr. Perez. As such, there is no basis to infer their personal involvement in any constitutional deprivation.

Fifth, Plaintiff's Eighth Amendment claim against Dr. Talbot is **dismissed for failure to state a claim upon which relief can be granted.** "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health*

*Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).  Plaintiff's complaint alleges only very limited facts against Dr. Talbot: that Dr. Talbot informed Plaintiff that he had a major fracture in his hand and should see an orthopedic hand doctor. Dkt. 2 at 3.  Plaintiff then explains that he did go see the offsite orthopedic hand doctor and received treatment and hand surgery.  Plaintiff does not allege that Dr. Talbot delayed his treatment, persisted in an ineffective course of treatment, or otherwise provided insufficient medical care to him.  These facts do plausibly allege that Dr. Talbot was deliberately indifferent to Plaintiff's hand condition.

Sixth, and similarly, any Eighth Amendment claim against Jane Doe, the X-ray technician, is **dismissed for failure to state a claim upon which relief can be granted.**  Plaintiff merely alleges the following with respect to Jane Doe: "I was given [an] xray by a female (jane doe)[.]  [U]pon completion of [the] xray I asked the xray technician if my hand was broke, [and] she replied that she wasn[']t able to give me that information."  Dkt. 2 at 2.  Again, without more, these allegations do not state a plausible claim that Jane Doe was at all deliberately indifferent to Plaintiff's hand condition.  If anything, they suggest Jane Doe was following standard procedure pending interpretation of the results by a qualified physician.

**B.    Dr. John Doe**

The only claim that **may proceed** is an Eighth Amendment deliberate indifference claim against Dr. John Doe based on his purported failure to diagnose, treat, and/or inform Plaintiff of his broken hand.

7

The Court observes that Dr. John Doe—an unnamed defendant—is the only remaining defendant in this lawsuit. Accordingly, Plaintiff will be permitted to engage in limited discovery for the purposes of identifying Dr. John Doe and substituting a named defendant. *See Rodriguez*, 49 F.4th 1120, 1121 (7th Cir. 2022) (noting there is "nothing wrong with suing placeholder defendants, then using discovery to learn and substitute names"); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995) ("[The plaintiff's] initial inability to identify the injurers is not by itself a proper ground for the dismissal of the suit. Dismissal would gratuitously prevent him from using the tools of pretrial discovery to discover the defendants' identity.").

However, Plaintiff is reminded that he "gains no advantage, procedural or otherwise, by asserting a claim against an unnamed defendant." *Kennington v. Carter*, 216 F. Supp. 2d 856, 857 (S.D. Ind. 2002). Plaintiff still must comply with Federal Rule of Procedure 4(m), which generally requires the Court to dismiss claims against a defendant without prejudice if service on that defendant is not completed within 90 days after the complaint is filed. Accordingly, Plaintiff shall have **90 days from the date of this screening order** to amend his complaint to substitute or add a named defendant. Failure to do so without good cause may result in dismissal.

## V.

## SERVICE OF CENTURION AND OPPORTUNITY TO AMEND

8

This summary of claims includes all of the viable claims identified by the Court. Further, given that the only remaining defendant in this case is the unnamed Dr. John Doe, the Court orders the following:

a) The **clerk is directed** to update the docket to reflect that Centurion Health of Indiana, LLC, is now an **interested party.**

b) Process will issue to Centurion Health of Indiana, LLC, for the purpose of permitting them to appear in the action and respond to discovery requests regarding the identity and location of unnamed defendant Dr. John Doe. Centurion need not answer the complaint.

c) The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Centurion Health of Indiana, LLC electronically. Process will consist of the complaint (dkt. [2]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

d) Plaintiff may serve discovery requests to Centurion for the limited purpose of identifying and locating unnamed defendant Dr. John Doe.

e) Plaintiff will have **through June 22, 2026,** to file an amended complaint that substitutes a named defendant for Dr. John Doe and resolves any other deficiencies discussed in this Order. Failure to do so in the time provided will result in the dismissal of this action without prejudice and without further warning or opportunity to show cause.

f) Any amended complaint must include the case number associated with this action, No. 2:25-cv-00421-JRO-MJD. It will completely replace the original complaint, and it will be screened pursuant to § 1915A(b), so it must include all defendants, claims, and factual allegations Plaintiff wishes to pursue in this action.

g) The **clerk is directed** to attach a blank pro se complaint form to Plaintiff's copy of this Order.

If no amended complaint that substitutes an identifiable party for Dr. John Doe or otherwise identifies a named defendant is filed **by June 22, 2026,** this action

will be dismissed without prejudice and without further notice or opportunity to show cause.

The **clerk is directed** to terminate Indiana Dept of Corrections, Lloyd Arnold, Centurion Health of Indiana, LLC, Dr. Tolbert, Dr. Perez, and Jane Doe X-ray Technician as defendants on the docket.

**IT IS SO ORDERED.**

Date: 3/17/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ANDREW BRADLEY LAURA
302074
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Centurion